# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE BUSSANICH, | No. 4:20-CV-01077 |
| Petitioner, | (Judge Brann) |
| v. | |
| WARDEN OF FCI-ALLENWOOD LOW, | |
| Respondent. | |

## MEMORANDUM OPINION

### JULY 16, 2020

Currently pending before the Court is George Bussanich's emergency 28 U.S.C. § 2241 petition in which he seeks release from custody at the Low Security Correctional Institution in Allenwood, Pennsylvania ("LSCI Allenwood").[1] Bussanich contends that he is entitled to release to home confinement or, alternatively, a thirty-day furlough, due to the COVID-19 pandemic and his particular susceptibility to the virus.[2]

**I.   BACKGROUND**

In 2019, Bussanich was convicted of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and tax evasion, in violation of 26 U.S.C. § 7201; in January 2020 he began serving a sentence of 27 months' imprisonment.[3] Shortly

---

[1]   Doc. 1.
[2]   *Id.*
[3]   Doc. 1 at 25-26.

thereafter Bussanich was sentenced in New Jersey state court to ten years' imprisonment, to be served concurrent to his federal sentence.[4] Although Bussanich is now in federal custody, the State of New Jersey has lodged a detainer against Bussanich and, when he is released from federal custody, he will be sent to New Jersey to serve the remainder of his state term of imprisonment.[5]

Bussanich has now filed this emergency § 2241 petition seeking release to home confinement.[6] Bussanich asserts that he is 62 years of age and suffers from diabetes, high blood pressure, and atrial fibrillation, all of which "make him particularly vulnerable to contracting [COVID-19] and of developing acute symptoms from the virus, making him a perfect candidate for the fatal consequences."[7] Bussanich alleges that his continued detention violates his Fifth Amendment rights because the Bureau of Prisons ("BOP") has failed to take adequate precautions to protect him from COVID-19.[8]

The Government responds that Bussanich's petition should be dismissed or denied for three reasons. First, the Government asserts that Bussanich has failed to exhaust his administrative remedies, as required prior to filing a § 2241 petition.[9] Second, the Government contends that this Court lacks jurisdiction to consider

---

[4]   *Id.* at 19.
[5]   *Id.* at 20-21.
[6]   Doc. 1.
[7]   *Id.* at 8-9.
[8]   *Id.* at 10-11, 14-16.
[9]   Doc. 3 at 6-8.

Bussanich's petition, as discretion to grant release to home confinement rests solely with the BOP.[10] Finally, the Government argues that, even if Bussanich's petition could properly be considered, his claims are without merit.[11] The time for Bussanich to file a reply brief has passed and, consequently, this matter is ripe for consideration. For the following reasons, Bussanich's § 2241 petition will be dismissed without prejudice.

## II. DISCUSSION

Bussanich asserts that he is highly susceptible to COVID-19 due to his age and health conditions and, accordingly, is entitled to home release.[12] Regardless of the merits—or lack thereof—of Bussanich's petition, the Court concludes that the petition must be dismissed due to Bussanich's failure to exhaust his administrative remedies.

The United States Court of Appeals for the Third Circuit has "consistently applied an exhaustion requirement to claims brought under § 2241."[13] The Third Circuit "require[s] exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters

---

[10]   *Id.* at 8-11.
[11]   *Id.* at 11-13.
[12]   Doc. 1.
[13]   *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000).

administrative autonomy."[14] A failure to exhaust administrative remedies "bars judicial review."[15]

Nevertheless, "[t]he administrative exhaustion requirement may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served."[16] Pursing administrative remedies is futile "if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm."[17]

To fully exhaust one's administrative remedies, an inmate must first seek to resolve the issue informally with staff[18] and, if that is unsuccessful, must file an administrative remedy request with the Warden of the institution within "20 calendar days following the date on which the basis for the Request occurred."[19] If that is denied, the prisoner must submit an appeal to the BOP Regional Director, within twenty calendar days of the date the Warden signed the denial.[20] If the Regional Director denies the appeal, an inmate must, within thirty days of that denial, appeal

---

[14] *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).
[15] *Id.* at 761.
[16] *Gross v. Warden, USP Canaan*, 720 F. App'x 94, 98 (3d Cir. 2017) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005)).
[17] *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).
[18] 28 C.F.R. § 542.13(a)
[19] *Id.* § 542.14(a).
[20] *Id.* § 542.15(a).

that decision to the BOP General Counsel.[21] Only when this is complete will an inmate have exhausted his administrative remedies.[22]

Here, it is clear that Bussanich has failed to exhaust his administrative remedies; he failed to appeal the BOP's decision denying him home confinement and did not file any grievances or requests with the BOP regarding home confinement or furlough.[23] Bussanich impliedly concedes this point when he asserts that he "is excused from 28 U.S.C. § 2241's exhaustion requirement" because exhausting those remedies would be futile.[24]

Thus, the Court may examine the merits of Bussanich's petition only if he demonstrates that it would have been futile for him to pursue his administrative remedies. Bussanich does not provide any substantive argument as to why it would have been futile to pursue administrative remedies but, based upon the cases that he cites in his petition, he appears to believe that the pandemic itself, and the risk that it poses to him, mean that it would be too dangerous to take the time required to exhaust administrative remedies.[25]

The Court rejects this reasoning. First, Bussanich has "not demonstrate[d] any 'catastrophic health consequences' to make exhaustion futile or show that he could

---

[21] *Id.*
[22] *See id.* ("Appeal to the General Counsel is the final administrative appeal").
[23] Doc. 3-1 at 1-2, 8.
[24] Doc. 1 at 4.
[25] *Id.* at 6. Notably, Bussanich does not contend that the BOP's actions clearly and unambiguously violate his statutory or constitutional rights.

be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP."[26] To the contrary, the BOP and LSCI Allenwood have taken numerous steps to ensure the safety of its inmates. All newly sentenced inmates are processed through one of three quarantine facilities and are tested for COVID-19 before they are sent to a regular facility; any inmates who test positive are quarantined.[27] Movements and gatherings within LSCI Allenwood are restricted, and staff and inmates are routinely screened for COVID-19 symptoms.[28] Only essential personnel are permitted to enter the facility.[29] As a result of these measures, there has not been a single confirmed case of COVID-19 among staff or inmates at LSCI Allenwood.[30] Bussanich has thus failed to demonstrate that he will likely come into contact with COVID-19 at LSCI Allenwood.

Second, any purported urgency on Bussanich's part in skipping past the administrative process to file a § 2241 petition is belied by the timing of this petition. COVID-19 was declared a global pandemic by the World Health Organization on March 11, 2020,[31] meaning that the threat posed by the virus was well-established by that date. Rather than immediately filing a § 2241 petition, Bussanich waited

---

[26] *Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *6 (M.D. Pa. Apr. 30, 2020).
[27] Doc. 3 at 3-4.
[28] *Id.* at 3.
[29] *Id.* at 4.
[30] Doc. 3-1 at 1 n.1.
[31] *United States v. Roeder*, 807 F. App'x 157, 158 (3d Cir. 2020).

nearly four months to file this petition, during which time he could have exhausted his administrative remedies.

Accordingly, the Court concludes that Bussanich has failed to "clearly show[] [that administrative remedies] to be inadequate to prevent irreparable harm."[32] Because Bussanich's failure to exhaust his administrative remedies may not be excused, his petition must be dismissed without prejudice to his right to refile should he exhaust his administrative remedies in the future.[33]

## III.  CONCLUSION

For the foregoing reasons, Bussanich's 28 U.S.C. § 2241 petition will be dismissed without prejudice.

An appropriate Order follows.

                                          BY THE COURT:

                                          *s/ Matthew W. Brann*
                                          Matthew W. Brann
                                          United States District Judge

---

[32] *Lyons*, 840 F.2d at 205.
[33] *See Pelino v. Sec'y Pa. Dep't of Corr.*, 791 F. App'x 371, 373 (3d Cir. 2020) (noting that "because [Appellant] could pursue his claims in a new action after exhausting his administrative remedies, . . . dismissal should [be] without prejudice").